# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 6, 2019

159400

WILLIAM McCALLUM,
          Plaintiff-Appellee,

v

MID-MICHIGAN PHYSICIANS, PC,
DR. DOUGLAS VANDERJAGT,
WILLIAM CLARK, PA, and
WILLIAM JORDAN, PA,
          Defendants-Appellants.
_____/

SC: 159400
COA: 345695
Ingham CC: 17-000113-NH

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

On order of the Court, the application for leave to appeal the February 26, 2019 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should now be reviewed by this Court.

MARKMAN, J. (*dissenting*).

I respectfully dissent from this Court's order denying leave to appeal. The appeal in this medical malpractice case centers on whether plaintiff William McCallum timely filed his action. In September 2010, plaintiff visited an emergency room and underwent a CT scan that revealed a possible metastatic mass in his liver. Plaintiff visited defendant Mid-Michigan Physicians PC for follow-up care. In late 2010, plaintiff underwent an ultrasound, which was read as evidencing no liver lesion but signs of gallbladder disease. In February 2016, plaintiff underwent an MRI, which revealed a neuroendocrine carcinoma in his liver, and instituted the instant action, alleging error in the reading of the ultrasound and in the follow-up care provided by defendant.

In the course of discovery, defendant William Jordan, a physicians' assistant at Mid-Michigan Physicians, testified that, upon receiving the ultrasound results in 2010, he: (a) called plaintiff, (b) referred plaintiff for gallbladder surgery, and (c) instructed plaintiff there was still cause to be concerned about the liver mass on the CT scan and that the gallbladder surgeon could visually assess his liver during surgery. A notation in plaintiff's medical chart corroborates Jordan's testimony that he called plaintiff and referred him to a gallbladder surgeon, but plaintiff never scheduled such an appointment. And in his deposition in 2017, plaintiff professed a lack of memory concerning: (a) his follow-up appointment at Mid-Michigan Physicians, (b) having undergone an ultrasound procedure, (c) Jordan having called him following the ultrasound procedure, or (d) Jordan having referring him to the gallbladder surgeon. Defendants moved for summary

disposition, contending that plaintiff's claim was untimely because he should have discovered the claim in late 2010.

"In general, a plaintiff in a medical malpractice case must bring his claim within two years of when the claim accrued, or within six months of when he discovered or should have discovered his claim." *Solowy v Oakwood Hosp Corp*, 454 Mich 214, 219 (1997), citing MCL 600.5805 and 600.5838. Because plaintiff instituted this action more than two years after the ultrasound, he must rely upon the six-month discovery rule to satisfy the statute of limitations. The six-month discovery rule states in pertinent part:

> [A]n action involving a claim based on malpractice may be commenced at any time within the applicable period prescribed in sections 5805 or 5851 to 5856, or *within 6 months after the plaintiff discovers or should have discovered the existence of the claim*, whichever is later. *The plaintiff has the burden of proving* that the plaintiff neither discovered nor should have discovered the existence of the claim at least 6 months before the expiration of the period otherwise applicable to the claim. [MCL 600.5838(2) (emphasis added).]

The "six-month discovery rule period begins to run in medical malpractice cases when the plaintiff, on the basis of objective facts, is aware of a possible cause of action." *Solowy*, 454 Mich at 232. "This occurs when the plaintiff is aware of an injury and a possible causal link between the injury and an act or omission of the physician." *Id*.

Defendants argue that plaintiff has not sustained his burden of advancing evidence supporting the conclusion that the six-month discovery rule did not commence in 2010 after the conflicting results from the CT and ultrasound procedures. The trial court rejected this argument, relying upon plaintiff's deposition testimony to conclude there was a dispute of fact as to whether Jordan called plaintiff following the ultrasound. For two reasons, I would remand to the Court of Appeals as on leave granted to consider the reasonableness of that conclusion. First, in order to dispute Jordan's testimony and the partially corroborating medical chart notation, plaintiff relies exclusively upon his testimony that he lacks memory regarding the events surrounding his healthcare in late 2010. But a lack of memory, however genuine, does not constitute affirmative evidence of anything. This is particularly true where plaintiff bore the burden of establishing that he had not discovered his claim in 2010. Second, even assuming that plaintiff did affirmatively testify that Jordan did not call him (or even that he did not remember the call but that he would have followed Jordan's advice and scheduled an appointment with the gallbladder surgeon had he received such a call), the lack of follow-up after the ultrasound should have placed plaintiff reasonably on notice of a possible medical malpractice claim.

This, in my judgment, constitutes the Court's third recent denial of leave in a case in which serious questions surround the proper application of the six-month discovery rule. See also *Jendrusina v Mishra*, 501 Mich 958 (2018); *Hemphill v Suleiman*, 502 Mich 910 (2018). Rather than denying leave to appeal, I would remand to the Court of Appeals as on leave granted.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 6, 2019



Clerk

a1203